IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00322-BNB

WAYNE D. BRIDGES,

    Plaintiff,

v.

I HAVE "LAW SUES" EMBEZZMENT [sic] "WORTH" (ONE BILLION DOLLARS).
THE "LAW SUE" IS A "PENAL" "SUE" FROM THREE STATES (MYRTLE BEACH AND IDAHO AND DENVER COLORADO).
IS START FROM A "REAL ESTATES" EVICT IN MYRTLE BEACH (BY) CONGRESSMAN ANDERSON (MANAGEMENT).
HE "FOGEIT" [sic] A DOCUMENT BANK ACCOUNT IN MYRTLE BEACH (MY).
I HAVE PROOF AND EVIDENCE.
("HE" BEEN "PURSUE ME" FROM THREE STATE "MYRTLE BEACH" "IDAHO," "DENVER COLORADO").
CONGRESSMAN ANDERSON, and
CONGRESSMAN ANDERSON FARM,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, Wayne Bridges, filed *pro se* a Complaint (ECF No. 1) and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). On February 8, 2013, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) granting Mr. Bridges leave to proceed *in forma pauperis* pursuant to § 1915 and directing him to file an amended Complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The February 8 order provides a detailed explanation as to the Rule 8 deficiencies Mr. Bridges was directed to cure. On March 5, 2013, Mr. Bridges filed the amended Complaint (ECF No. 5).

The Court must construe the amended Complaint liberally because Mr. Bridges is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.* For the reasons set forth below, the amended Complaint will be dismissed.

Like Mr. Bridges' original Complaint, the amended Complaint fails to assert the basis for this Court's jurisdiction, any claims, and the relief Plaintiff seeks. The only true parties listed in the caption to the amended Complaint appear to be Congressman Anderson and Congressman Anderson Farm. The rest of the allegations in the caption are unintelligible. Any assertions Mr. Bridges does provide in an attachment contained within the amended Complaint make no sense. *See* ECF No. 5 at 4-6. Therefore the amended Complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8, and must be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Bridges files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App.

P. 24.

Accordingly, it is

ORDERED that the amended Complaint (ECF No. 5) and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Wayne D. Bridges, to file an amended Complaint that complies with the pleading requirements of Rule 8 and the directives of the order of February 8, 2013 (ECF No. 4).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   7th   day of   March  , 2013.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court